1
2
3
4
5

## UNITED STATES DISTRICT COURT

6

## EASTERN DISTRICT OF CALIFORNIA

7

8 | **UNITED STATES OF AMERICA,** | **CASE NO. 1:17-CR-0008 AWI SKO**

9 | Plaintiff | **ORDER RE: DEFEDANT'S MOTION**
**FOR COMPASSIONATE RELEASE**

10 | v.

11 | **CRYSTAL FERGUSON,**

12 | Defendant | **(Docs. 23, 29, and 39)**

13

14 **I. Background**

15 On May 15, 2017, Defendant Crystal Ferguson pled guilty to one count of conspiracy to

16 distribute and possess with the intent to distribute cocaine, 21 U.S.C. §§ 846 and 841(a)(1).  She

17 was sentenced to 60 months incarceration and 48 months of supervised release.  Defendant has

18 already served approximately 30 months of her sentence at FCI Victorville.   On April 27, 2020,

19 Defendant filed a request with the FCI Victorville warden asking for "compassionate release based

20 on my increased vulnerability to the COVID-19 virus due to the following high-risk factors: 1. I

21 am a Type-2 diabetic, 2. I suffer from hypertension (high blood pressure), 3. I am medically obese,

22 and 4. I am of African American descent." Doc. 29, 3:22-26.  Defendant asked to be allowed to

23 stay with her mother and sister, who live together in Las Vegas, NV. Doc. 29, 4:12-15.

24 On May 4, Defendant filed a motion for compassionate release. Doc. 23.  On June 3,

25 Defendant filed a second motion for compassionate release. Doc. 29.  In this filing, she clarified

26 that she had not received any response from the warden within 30 days of her initial request and

27 that she was requesting a reduction of sentence to time served or a reduction of sentence to time

28 served plus an additional 16 months of home confinement (which would equal the unserved

1    portion of the original sentence with good time credits). Doc. 29.  Subsequent to the second filing,

2    FCI Victorville approved Defendant for home confinement; she appears to have been released

3    from prison on July 16, to a residence in the Bakersfield area. Doc. 37-2.  Plaintiff United States

4    opposed Defendant's motion in light of her release to home confinement. Doc. 37.

5            On August 10, filed a third motion for compassionate release. Doc. 39.  She explained that

6    in May, her 64 year old mother was diagnosed with stage 4 ovarian cancer and has to travel from

7    Las Vegas to Duarte, CA (in the Los Angeles area) for chemotherapy twice a month. Doc. 39, 2:2-

8    10.  Defendant was denied the opportunity to serve her home confinement in Las Vegas and U.S.

9    Probation will not allow Defendant to travel to Las Vegas to drive her mother to and from her

10   treatment. Doc. 39, 1:24-26.  She represents that no other sibling is available to drive her mother

11   on these trips due to their work schedules and own health issues. Doc. 39, 2:14-20.  Defendant

12   now asks for her sentence to be modified by the court to "time served, and modifying the

13   judgment to add 16 months home confinement (the unserved portion of [her] original sentence) to

14   [her] term of supervised release." Doc. 39. 5:15-17.  She represents that this would enable

15   Defendant to accompany her mother on her medical trips as restriction on "travel are stricter when

16   monitoring on BOP home confinement compared to ordinary supervised release." Doc. 39, 1:27-

17   28.  Plaintiff did not make any additional filing in response to Defendant's renewed request.  At

18   this point, only this third motion seeking compassionate release to take care of Defendant's sick

19   mother can be considered active and not moot.

20

21                              **II. Legal Standard**

22           Criminal defendants are empowered to request compassionate release for "extraordinary

23   and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States

24   v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).  Specifically, in relevant part, 18 U.S.C. § 3582

25   provides:

26           The court may not modify a term of imprisonment once it has been imposed except
             that—

27
             (1) in any case—
28

                                          2

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i).  Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances…defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34.  Further, in addition to demonstrating "extraordinary and compelling circumstances," a prisoner must also show that he is no longer a danger to a specific person or the community. See United States v. Jones, 2020 U.S. Dist. LEXIS 144010, *8-*9 (N.D. Cal. Aug. 10, 2020); United States v. Dailey, 2020 U.S. Dist. LEXIS 139977, *3-*4 (E.D. Cal. Aug. 5, 2020); United States v. Pickard, 2020 U.S. Dist. LEXIS 130578, *15 (E.D. Cal. July 22, 2020).  "The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction." United States v. Greenhut, 2020 U.S. Dist. LEXIS 17139, *3 (C.D. Cal. Jan. 31, 2020), citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998).

### III. Discussion

The Third and Sixth Circuits have found that the administrative exhaustion requirement of Section 3582(c)(1)(A) is mandatory even in the context of COVID-19. Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days from making a request for compassionate release before moving for release in the federal court system, "Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point.").  The Ninth Circuit has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and thus, preclude any exercise of discretion by the court." Gallo Cattle Co. v. U.S.

1  Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); see Shaw v. Bank of Am. Corp., 946 F.3d

2  533, 541 (9th Cir. 2019).  Consistent with Gallo Cattle and Shaw, numerous district courts,

3  including opinions from the Eastern District of California, have held that § 3582(c)(1)(A)'s

4  exhaustion requirement may not be waived. E.g. United States v. Howard, 2020 U.S. Dist. LEXIS

5  113268, *5 (E.D. Cal. June 29, 2020) (Ishii, J.); United States v. Logan, 2020 U.S. Dist. LEXIS

6  88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); United States v.

7  Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); United States

8  v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4 (S.D. Cal. Apr. 29, 2020) (and cases cited

9  therein); United States v. Meron, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020)

10  (Mueller, C.J.).  The failure to exhaust administrative remedies as mandated by § 3582(c)(1)(A) is

11  a jurisdictional failure. See Gallo Cattle, 159 F.3d at 1197; United States v. Greenlove, 2020 U.S.

12  Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020); Howard, 2020 U.S. Dist. LEXIS

13  113268 at *5; United States v. Smith, 2020 U.S. Dist. LEXIS 113423, *16 (E.D. Ark. May 14,

14  2020); Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

15       In this case, Defendant did file her second and third requests for compassionate release

16  after 30 days had passed without a response from FCI Victorville.  However, her initial letter on

17  April 27 only mentioned the risk that she would contract COVID-19 in prison as a basis for

18  seeking a sentence modification. See Doc. 29, 3:16-4:26.  Defendant is now asking for a

19  modification based on the need to take care of a sick family member. See Doc. 39.  That is a

20  rationale that was never raised with the warden of FCI Victorville.

21       This case is directly analogous to United States v. Baye, 2020 U.S. Dist. LEXIS 96930 (D.

22  Nev. June 2, 2020).  In that case, a defendant sent a letter to the warden seeking compassionate

23  release to take care of his sick mother. Id. at *5-*6.  The defendant then brought a motion in court

24  seeking compassionate release arguing that "both his mother's deteriorating condition and

25  concerns of his exposure to COVID-19 while incarcerated constitute extraordinary and compelling

26  reasons for his release." Id. at *6.  There is some factual uncertainty about when the warden

27  denied the request but the defendant asserted that "he has satisfied the exhaustion requirement

28  because he sent a letter to the warden more than thirty days before filing this motion." Id. at 12.

4

The court found that the issue of COVID-19 was not exhausted because "'Proper exhaustion necessarily requires the [defendant] to present the same factual basis for the compassionate-release request to the warden'…exhaustion under § 3582(c)(1)(A) requires a defendant to specify each extraordinary or compelling circumstance he intends to rely on in a motion for compassionate release." Id. at *13-*14, quoting United States v. Mogavero, 2020 WL 1853754, *2 (D. Nev. Apr. 13, 2020).  "In order to exhaust his administrative remedies in this regard, a defendant must have requested compassionate release from BOP on similar grounds asserted in his or her motion filed with the court." United States v. Chavez-Zarate, 2020 U.S. Dist. LEXIS 156988, *8 (E.D. Cal. Aug. 28, 2020), citing United States v. Greenhut, 2019 WL 6218952, *2 (C.D. Cal. Nov. 21, 2019).

In this case, Defendant only exhausted the issue of the risk of COVID-19 infection in a prison environment.  Her initial letter naturally did not raise her mother's condition since it predated the diagnosis.  Unfortunately, that means this court lacks the jurisdiction to consider Defendant's motion.

### IV. Order

Defendant's motion for compassionate release is DENIED.

IT IS SO ORDERED.

Dated:   September 4, 2020          _____
                                        SENIOR  DISTRICT  JUDGE